

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2007

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1706

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chen v. Atty Gen USA" (2007). *2007 Decisions.* Paper 71.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/71

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1706

———

DE YU CHEN,
                         Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A77-047-486)
Honorable Eugene Pugliese, Immigration Judge

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2007

Before: RENDELL, GREENBERG, and VAN ANTWERPEN, <u>Circuit Judges</u>

(Filed December 13, 2007)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Petitioner De Yu Chen, a native and citizen of China, seeks review of the February

14, 2006, Order of the Board of Immigration Appeals ("BIA"), denying his motion to

1

reopen the BIA's August 21, 2002, decision. The BIA's 2002 decision affirmed the Order of the Immigration Judge ("IJ"), issued on April 9, 2000, which denied Chen's claims for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("Convention Against Torture"). We have appellate jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1), and for the reasons set forth below, we will deny the petition.

## I.

Because we write solely for the benefit of the parties, we will set forth only those facts necessary to our analysis.

Chen entered the United States at San Juan, Puerto Rico, on August 2, 1999, using a fraudulent Japanese passport. He applied for asylum, withholding of removal, and protection under the Convention Against Torture on September 28, 1999. At the asylum hearing held on April 9, 2000, Chen testified that he sought asylum in the United States based on persecution he allegedly suffered as a result of his violation of China's population control policy. Chen testified that he had three children, which exceeds the permissible number under China's family planning laws. In both his testimony and in the documents supporting his application for asylum, Chen claimed that as a result of this violation of Chinese law, he was ordered to pay a fine. Chen never paid the fine.[1] He

---

[1]When asked by counsel for the former INS why he didn't pay the fine with this money, Chen, through an interpreter, replied "Pay the fine? This time, I didn't feel like paying the fines." App. at 212.

also claimed that family planning authorities gave him a vasectomy against his will and forced his wife to have surgery to receive an intrauterine device. Chen fled China in 1995. In his application for asylum, Chen claimed he could not return to China because he would be assessed the unpaid fine and punished by either imprisonment or labor camp duty due to his failure to pay the fine and his emigration from China without government permission.

The IJ denied Chen's application for asylum, based in part on an adverse credibility finding. Chen appealed to the BIA, arguing that the IJ's decision was error. The BIA upheld the IJ's ruling without opinion on August 21, 2002. Chen filed a *pro se* motion to reopen the BIA's decision on June 28, 2004, almost two years after the final order of the BIA. Finding that the motion exceeded the 90-day time limit set forth in 8 C.F.R. § 1003.2(c)(2) and did not fall under any exception to that section, the BIA denied Chen's motion. Chen, represented by new counsel, filed another motion to reopen his case on December 28, 2005. Chen alleged that two letters from doctors and a letter from his wife qualified his case under the "changed circumstances" exception in 8 C.F.R. § 1003.2(c)(3)(ii). The BIA again denied the motion, finding the evidence insufficient to constitute "changed circumstances." Chen filed a timely appeal to this Court.

## II.

Our review is limited to the BIA's denial of Chen's second motion to reopen. Motions to reopen are generally viewed with disfavor and are granted only under

3

compelling circumstances. *INS v. Doherty*, 502 U.S. 314, 323 (1992); *Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir. 2004). We review the BIA's denial of a motion to reopen for abuse of discretion, and we will uphold the BIA's decision unless we find the decision to be arbitrary, irrational, or contrary to law. *Guo*, 386 F.3d at 562; *see also Zheng v. Gonzales*, 422 F.3d 98, 106 (3d Cir. 2005) (noting the great deference afforded the BIA's decision to deny a motion to reopen).

## III.

An alien may request that the BIA reopen its decision in a removal proceeding in order to consider new evidence. 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). A motion to reopen must be filed within 90 days of the date the BIA enters its final order or decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Additionally, an alien may make only one motion to reopen a final administrative order. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). Untimely or additional motions may be heard if the alien demonstrates a change in circumstances in the country to which the alien is to be deported. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The "changed circumstances" exception only applies where evidence of the change was unavailable for the previous proceeding and could not have been discovered or presented at that hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not err in concluding that Chen's second motion to reopen was both untimely and exceeded the numerical limits set forth in the statute, as the motion the BIA

4

denied was Chen's second motion to reopen and was filed more than three years after the completion of his removal proceedings. Additionally, the BIA did not abuse its discretion when it determined that the "changed circumstances" exception did not apply to Chen's application. Chen offered three documents purporting to demonstrate changed circumstances: two letters from different doctors confirming Chen had had a vasectomy, and a letter from Chen's wife explaining that the authorities are still looking to punish Chen for breaking the population law. At best, this evidence establishes that Chen was persecuted in the past or that conditions in China have *not* changed. The doctors' letters demonstrate only an existing medical condition that was the result of a previously-performed operation; this does not demonstrate a change in China's policies or conditions. The fact that the authorities are still looking to punish Chen for violating a policy that was and is still in place in China,[2] as disclosed in the letter, is evidence that the same conditions persist, rather than evidence of "changed circumstances." *See, e.g.*, *Zhao v. Gonzales*, 440 F.3d 405, 407 (7th Cir. 2005) (finding evidence that police were still looking for Falun Gong members to be cumulative evidence that conditions persisted rather than evidence of changed circumstances); *Betouche v. Ashcroft*, 357 F.3d 147, 152 (1st Cir. 2004). Additionally, Chen failed to demonstrate that this evidence was

---

[2]In fact, Chen refers to the continuous nature of this policy in the brief accompanying his second motion to reopen. In that filing, Chen notes that "governmental officials are *still* looking for him to punish him because he violated the coercive birth control policy and illegally departed from China." *See* App. at 19 (emphasis added).

unavailable for the IJ hearing.[3]  Given that the regulation requires evidence that circumstances have *changed*, not merely that persecution existed in the past, the BIA did not act arbitrarily or capriciously when it determined that the evidence offered by Chen did not implicate § 1003.2(c)(3)(ii).[4]

Chen also suggests the BIA abused its discretion by failing to explicitly mention the letter from Chen's wife in the opinion it rendered.  We disagree.  When the BIA reviews a claim, this Court requires only that the BIA demonstrate that it grasped the alien's claims and reviewed the record.  *See Sevoian v. Ashcroft*, 290 F.3d 166, 178 (3d Cir. 2002).  Thus, the BIA need not mechanically and rigidly provide an accounting of every piece of evidence or claim it considered in reaching its decision.  While the BIA might have been more detailed in its opinion in this matter, its explanation for denying Chen's application reveals that it reviewed the record and considered the claims put forth by Chen.  The mere failure to explicitly mention the letter does not make the BIA's

---

[3]In fact, the letter from Dr. Lau, dated April 22, 2000, was attached to Chen's original application to the BIA.  *See* App. 131-32.  The letter from Dr. Luangkhot, dated August 31, 2005, merely corroborates the finding of Dr. Lau.  It is not newly-discovered evidence, nor is there any argument offered by Chen that such medical evidence could not have been produced at the IJ hearing.

[4]At best, the evidence offered by Chen is cumulative evidence supporting his original claim of asylum. The proffer of evidence accompanying Chen's motion appears to be a belated response to the IJ's oral opinion, in which the IJ suggested that evidence of Chen's vasectomy and an affidavit from his wife might strengthen his claim for asylum and his credibility as a witness.  *See* App. at 144.  The adverse credibility finding of the IJ is not before us, and the fact that this evidence may have bolstered Chen's credibility had it been offered at the hearing before the IJ does not affect our holding that the BIA did not abuse its discretion in denying Chen's motion.

decision arbitrary, irrational, or inconsistent with the law; thus, the BIA did not abuse its discretion.

Because Chen cannot show the applicability of one of the exceptions to the time and number requirements set forth in § 1003.2(c)(2), the BIA did not abuse its discretion in denying Chen's motion to reopen.

## IV.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we conclude that the BIA did not abuse its discretion in denying the motion to reopen despite the new evidence Chen offered, and we will accordingly deny the petition for review.